IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RICK MARKHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-1363-MLB-KGG |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Boeing Company appears for the purpose of removing to the United States District Court for Kansas the action styled *Rick Markham v. The Boeing Company*, currently pending in the District Court of Sedgwick County, Kansas. As grounds for the removal, Defendant states as follows:

1.    Plaintiff sued Defendant in the District Court of Sedgwick County, Kansas on August 18, 2010, by filing her Complaint in the cause styled *Rick Markham v. The Boeing Company*. Defendant was served on October 1, 2010. A complete copy of the Court file obtained from the District Court of Sedgwick County, Kansas, consisting of Plaintiff's Petition for Damages is attached hereto as Exhibit A.

2.    In the above-captioned action pending in the District Court of Sedgwick County, Kansas, Plaintiff asserts: (1) disability discrimination under the Americans with Disabilities Act ("ADA") (Count I); (2) retaliation under the ADA. (Count II); and (3) age discrimination under the Age Discrimination in Employment Act ("ADEA"). (See Plaintiff's Complaint, attached hereto as Exhibit A)

3.      Under 28 U.S.C. §§ 1441 and 1446, this case may be properly removed to this Court at any time within thirty (30) days of Defendants being served with Plaintiff's Complaint and Summons.  Defendant is timely filing this removal within thirty (30) days of service.

## Federal Question Jurisdiction

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 by reason of Plaintiff having asserted causes of action arising under federal law, i.e., the ADA and the ADEA.

## Diversity of Citizenship

5.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction between the parties.

6.      Defendant has its principal place of business in Chicago, Illinois and is incorporated under the laws of the State of Delaware.  (See Plaintiff's Complaint, ¶2, attached hereto as Exhibit A).

7.      Plaintiff is a resident of Kansas.  (See Plaintiff's Complaint ¶1, attached as Exhibit A).

8.      Thus, the parties are completely diverse for the purposes of jurisdiction.

## Amount in Controversy Exceeds Jurisdictional Requirements

9.      Plaintiff has requested and alleged damages in excess of $75,000.  Specifically, Plaintiff has alleged actual and compensatory damages in an amount exceeding $75,000 and punitive damages in an amount exceeding $75,000.  (See Plaintiff's Complaint ¶¶17, 18, 33, and 34), attached as Exhibit A.

10.      In summary, the Court has jurisdiction for two independent reasons:

(a)     First, Plaintiff has plead a claim under two federal statues (the ADEA and ADA) and thus, removal is proper pursuant to 28 U.S.C. § 1331.

(a)     Second, there is complete diversity between the parties and the amount in controversy exceeds $75,000, and thus, removal is proper pursuant to 28 U.S.C. § 1332.

11.     Promptly upon filing this Notice of Removal, Defendant shall give written notice to Plaintiff and shall file a copy of this Notice of Removal with the Clerk of the District Court of Sedgwick County, Kansas.

WHEREFORE, Defendant The Boeing Company prays that this Court assume control over this action as this action is properly removed on the grounds of federal question and complete diversity.

## DESIGNATION OF TRIAL

Defendant The Boeing Company designates Wichita, Kansas as the place of trial.

Respectfully submitted,

/s/ G. Nicole Hininger
G. Nicole Hininger, Kansas No. 77994
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
816.471.1301
816.471.1303 *(Facsimile)*
nicole.hininger@ogletreedeakins.com

Attorneys for Defendant
THE BOEING COMPANY

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of October, 2010, a copy of the above and foregoing was mailed, via United States mail, to the following:

Albert F. Kuhl
15700 College Boulevard, Suite 200
Lenexa, Kansas 66219
(913) 438-2760
(913) 327-8492 (*Facsimile*)

ATTORNEY FOR PLAINTIFF


s/ G. Nicole Hininger
Attorneys for Defendant
THE BOEING COMPANY


9323025.1

# EXHIBIT A

IN THE DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

RICK MARKHAM,

      Plaintiff,

Case No. **10 C V 3 2 4 0**

vs.

Court No. _____

K.S.A. Chapter 60

THE BOEING COMPANY,
a Delaware corporation,

      Defendant.

## PETITION FOR DAMAGES

Plaintiff Rick Markham ("Navarre"), for his Complaint against defendant The Boeing Company ("Boeing"), hereby states and alleges as follows:

1.    Plaintiff Markham is an individual and resident of El Dorado, Kansas.

2.    Defendant Boeing is a Delaware corporation, and may be served with process upon its Registered Agent in the state of Kansas, Corporation Service Company, 200 SW 30th Street, Topeka, Kansas 66611.

3.    Jurisdiction and venue are properly placed inasmuch as all transactions and occurrences relevant to plaintiff's cause of action occurred in this judicial district.

4.    This court possesses subject matter jurisdiction inasmuch as plaintiff Markham has been provided a Notice of Right to Sue by the Equal Employment Opportunity Commission bearing a date of May 20, 2010.

1

5.      Plaintiff has fulfilled all conditions precedent to suit.

## FACTUAL BACKGROUND

6.      Plaintiff incorporates each of the foregoing allegations, and further states as follows.

7.      Plaintiff's date of birth is ▮▮▮▮▮▮▮▮1946.

8.      Plaintiff, in his capacity as an employee of defendant, has served as a Security Officer for the

        defendant, during which period plaintiff possessed one or more disabling conditions which

        substantially impaired one or more of his major life activities, and/or plaintiff was regarded

        as possessing such disabling condition(s), and/or had a record of same.

8.      While employed, plaintiff advised defendant of his disabling condition(s) and effectively

        requested and/or made himself available for any necessary interactive process designed to

        afford him reasonable accommodation.

9.      As of the date of this filing, plaintiff remains an employee of defendant Boeing.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT: DISCRIMINATORY DENIAL OF EMPLOYMENT OPPORTUNITIES

10.     Plaintiff incorporates all of the foregoing allegations, and further states as follows.

11.     During the course of his employment, after incurring disabling conditions, plaintiff has been

        denied employment opportunities as a result of his protected status under the Americans with

        Disabilities Act, 42 U.S.C. 12101 et seq. ("the ADA"), inclusive of the loss of a supervisory

        position with defendant.

13.     Defendant's decision to deny plaintiff the continued opportunity to perform work in

        supervisory capacity constituted one or more intentional acts of discrimination based upon

        plaintiff's status as an individual with one or more disabling conditions, and/or plaintiff's

2

record of impairment, and/or defendant's belief that plaintiff was impaired.

14. Plaintiff was, in fact, a qualified individual with a disability, and could further perform the essential functions of his supervisory position at all times relevant herein.

15. Defendant's denial to plaintiff of employment opportunities, as aforesaid, represent one or more violations of plaintiff's rights under the ADA.

16. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff has incurred actual and compensatory damages in an amount exceeding $75,000.00.

17. As a direct and proximate result of plaintiff's willful, malicious and intentional treatment by defendant, as referenced above, plaintiff further possesses a right to punitive damages in an amount exceeding $75,000.00.

18. Plaintiff further requests that he be awarded his reasonable attorneys fees and expenses, pursuant to his rights under the ADA.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in his favor and against defendant for actual, compensatory and punitive damages in an overall amount which exceeds $75,000.00, together with prejudgement interest, and his attorney's fees and expenses, together with such other relief as the Court deems proper.

## COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT: RETALIATORY TREATMENT ·

19. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

11. During the course of his employment, after incurring disabling conditions, plaintiff has been

3

denied employment opportunities as a result of his protected status under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("the ADA"), inclusive of the loss of a supervisory position with defendant.

13. Defendant's decision to deny plaintiff the continued opportunity to perform work in supervisory capacity constituted one or more intentional acts of retaliation based upon plaintiff's status as an individual with one or more disabling conditions, and/or plaintiff's record of impairment, and/or defendant's belief that plaintiff was impaired.

14. Plaintiff was, in fact, a qualified individual with a disability, and could further perform the essential functions of his supervisory position at all times relevant herein.

15. Defendant's denial to plaintiff of employment opportunities, as aforesaid, represent one or more violations of plaintiff's rights under the ADA.

16. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff has incurred actual and compensatory damages in an amount exceeding $75,000.00.

17. As a direct and proximate result of plaintiff's willful, malicious and intentional treatment by defendant, as referenced above, plaintiff further possesses a right to punitive damages in an amount exceeding $75,000.00.

18. Plaintiff further requests that he be awarded his reasonable attorneys fees and expenses, pursuant to his rights under the ADA.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in his favor and against defendant for actual, compensatory and punitive damages in an overall amount which exceeds $75,000.00, together with prejudgement interest, and his attorney's fees and expenses,

4

together with such other relief as the Court deems proper.

## COUNT III: AGE DISCRIMINATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

28.  Plaintiff incorporates each of the foregoing allegations, and further states as follows.

29.  Plaintiff's age at all times relevant to his claims exceeded age 40.

30.  At all times relevant to his claims herein, plaintiff was protected from age discrimination
     pursuant to the fact of his age, which exceeded 40 years of age.

31.  Plaintiff's course of treatment as an employee of defendant has reflected a bias against him
     due to his age at, before and after the date of his demotion from his supervisory position.

32.  Plaintiff's demotion from a supervisory capacity with defendant was motivated by his age,
     which exceeded 40, and as such constituted an unlawful action taken against him in violation
     of the Age Discrimination in Employment Act, 29 U.S.C. 601 et. seq.

33.  Plaintiff suffered actual and consequential damages as a result of defendant's unlawful
     treatment of him, as aforesaid, and plaintiff is thus entitled to an award of his actual damages,
     which exceed $75,000.00, pursuant to 29 U.S.C. 601 et seq.

34.  Plaintiff is further entitled to an award of liquidated damages in an amount exceeding
     $75,000.00, pursuant to his rights under 29 U.S.C. 601 et seq., as a result of the willful nature
     of defendant's actions against him.

35.  Plaintiff is further entitled to the award of his attorney's fees and costs, statutory interest,
     together with such other and further relief as the Court deems proper.

     WHEREFORE, plaintiff prays for judgment against defendant in an amount exceeding

5

$75,000.00 as and for his actual and consequential damages, for judgment against defendant in an amount exceeding $75,000.00 as and for his liquidated damages, and further for his attorney's fees and costs, and statutory interest, together with such further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL

Albert F. Kuhl        #12478
15700 College Blvd., Suite 200
Lenexa, KS 66219
Tel. 913-438-2760
Fax: 913-327-8492
ATTORNEY FOR PLAINTIFF

6